ROBERT G. SMITH, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

Submitted December 3, 1902—Decided December 31, 1902.

By an act of the legislature, making a change in the government of a class of cities, it was provided that it should not go into effect in any city unless accepted by the voters at a general or charter election under submission, by resolution, of a specified municipal board, approved by the mayor. Such a resolution having been passed and approved, in Jersey City, a *certiorari* without stay was allowed to a private prosecutor. It was returnable and was duly returned before the election, and came on for hearing, on briefs, after the election. *Held*—

(1) That opportunity would be given the prosecutor to inform the court of the result of the vote on the submission ; and

(2) That if the act was rejected, the writ would be dismissed, but without costs.

On *certiorari.*

Before Justices DIXON, COLLINS and HENDRICKSON.

For the prosecutor, *Allan L. McDermott.*

For the defendant, *George L. Record.*

The opinion of the court was delivered by

COLLINS, J. "An act providing for the appointment of an officer to be known as 'street and water commissioner' in cities of the first class in this state and defining his powers and duties," approved April 11th, 1902 *(Pamph. L., p.* 766), provides that it shall not go into effect in any city until accepted by the voters at a general or charter election, upon submission, by resolution, of the municipal board or body having charge or control of the finances of the city, approved by the mayor.

On September 17th, 1902, the board of finance of Jersey City passed the prescribed resolution for such submission at the general election of November, 1902, and on September 18th, 1902, the mayor approved the same. On September 25th, 1902, a writ of *certiorari* to remove to this court for review such resolution was allowed, with a limitation that the writ should not act as a stay. It was returnable, and was duly returned, before the date of the election. The cause has been submitted on briefs, and counsel on both sides have argued the merits of the controversy, which involve the constitutionality of the statute.

The writ was allowed *in limine,* in order that there might be prompt argument and decision if the act should be accepted, as the election at which the submission was directed to be made would be coincident with the opening of the present term of this court. Had the application for the

writ been delayed until after the election, it would have been entertained only in the event of acceptance. Rejection would have reduced the matter in controversy to a mere abstract question, and a writ would have been denied. For the same reason, if the act has been in fact rejected, the writ should now be dismissed.

The only special interest of the prosecutor in the case, beyond that of any citizen and taxpayer, is that of membership in a public board whose functions would have been superseded by the act if constitutional and accepted by the voters. On rejection, he no longer has any interest, unless as to costs, which, on a *certiorari* like this, are discretionary. The court allowed him to prosecute its prerogative writ in advance of the election for the reason above stated, but he has no right to control it.

If, within ten days after the filing of this opinion, application shall be made by the prosecutor to have certified the result of the vote on the submission of the act, decision will be delayed until such information is furnished. If no such application is made, the writ will be dismissed, but without costs.